**PHILLIPS v. BOWIE et al.**

No. 13889.

Court of Civil Appeals of Texas. Fort Worth.

March 24, 1939.

Rehearing Denied April 28, 1939.

Wuntch & Bindler and Ross T. Phillips, all of Tyler, for appellant.

J. W. Darden, of Tyler, for appellees.

BROWN, Justice.

Henry Bowie, who died in 1916, and appellee, Lula Bowie, were husband and wife, and acquired the property in controversy during such marriage relation.

The Bowies are negroes and had "traded with" or "been furnished" by the mercantile firm of which appellant, George R. Phillips, is a member.

Lula Bowie, acting by one of her sons, had given a chattel mortgage on certain crops and personal property, to secure the payment of the account she had made with said mercantile firm, and on or about September 5th, 1932, George R. Phillips, accompanied by an agent and employee of said mercantile firm, one E. L. Falkner, who was charged with collection of the firm's accounts, went to the premises in question, where Lula Bowie lived, and persuaded her to deed her interest in the properties in question to him. She is an illiterate negress, who cannot sign her name, and the deed shows that she made her mark. The acknowledgment shows to have been taken by the aforesaid agent and employee, Falkner.

We need not go into the consideration recited in this deed, nor into the amount of monies that has been collected and received by the grantee, Phillips, since the deed was executed because the trial court, in rendering judgment, has endeavored to balance the equities between the parties by refusing the plaintiffs' prayer for an ac-

counting for the rents and revenues thus received by Phillips.

Suit was brought by one of Lula Bowie's sons, acting as next friend of his mother, to set aside this deed because Lula Bowie was, at the time of its execution, a person of unsound mind and incapable of knowing the consequences of her act, and the further allegations are made that she was overreached in the transaction, and was caused to execute the deed through duress, etc.

All of the children and heirs of Henry Bowie, deceased, who inherited an undivided one-half interest in the lands, through their deceased father, joined as plaintiffs and prayed that the deed be cancelled and the cloud cast upon their title be removed.

Before the cause was tried to the court, the son who brought suit as next friend was made guardian of his mother, and the amended petition shows that the suit is brought in such capacity, as well as that of next friend.

The cause was tried to the court, without the assistance of a jury.

In the judgment rendered, the trial court found that Lula Bowie "was of unsound mind prior to and on and ever since September 5th, 1932, when the deed from her to George R. Phillips was made, and was without legal capacity to execute and deliver said deed; that George R. Phillips, at the time he took said deed, had notice and knowledge of her incapacity to make the same."

The court found that Phillips' grantee of a portion of the lands (there are two tracts), one John Williams, who intervened in the suit, also had notice of the actual possession of the lands by Lula Bowie and her children; which possession has been continuous at all times. The court further found that the deed from Phillips to Williams had not been recorded and that there was a contract and agreement between Phillips and Williams, whereby Phillips was to reconvey to Williams the lands theretofore deeded to Phillips in exchange for the Bowie tract, and that Williams had never surrendered possession of his tract and had never taken possession of the Bowie tract. This agreement was bottomed on the failure of Phillips to sustain his deed from Lula Bowie.

The court declined to make Phillips account for the rents and revenues (among them certain monies received by Phillips from an oil and gas lease executed by him), but by the judgment, balanced the equities between the parties, as is shown by the judgment, in what we think is a fair manner.

The court canceled and avoided the said deed and removed the cloud cast upon the title as to all plaintiffs, and restored the title to Lula Bowie.

An appeal was taken by George R. Phillips, who made a cost bond only.

John Williams, intervener, against whom judgment was likewise rendered, has not appealed.

The cause having been timely lodged with the Court of Civil Appeals for the Texarkana District, same was, by the Supreme Court, transferred to this Court.

Five propositions are presented to us for consideration.

The first complains of the trial court refusing to permit the witness, Lee Falkner, to remain in the court room during the trial, as the proper representative of the defendant, to assist counsel in the conduct of the case. This proposition seems to be urged on the theory that the aforesaid mercantile firm had the right to the presence of such witness for its protection. The firm is not a party to this suit.

The fact that this witness was the notary public who purported to take the acknowledgment of Lula Bowie, and the fact that it was alleged that the notary did not comply with the legal requirements for such acknowledgment, and the rule having been invoked by appellant, to our way of thinking furnished ample reason for the action of the trial court and for the discretion thus exercised by the court.

To have exacted a strict compliance with the rule of the plaintiffs, and to have relaxed the rule for the defendant, would have given defendant a distinct advantage, which was plain to the trial court. All of defendant's witnesses to the transaction would have stayed in the court room during the entire trial, but not so as to the plaintiffs' witnesses.

We inquire, furthermore, what did Falkner, who was present and a party to the transaction, know about the matter that was not fully known to his principal, Phillips, who was also present at all times?

We see nothing in the proposition, more especially in view of the fact that this was a trial to the court, and we fail to see

how defendant was prejudiced or injured by the court's ruling.

■ The second proposition complains of the trial court permitting the introduction of the lunacy proceedings affecting Lula Bowie. The trial court expressly held that he did not consider such proceedings in reaching his judgment.

There was ample testimony to sustain the judgment rendered without a consideration of such proceedings.

Assuredly, there could be no reversible error, under such circumstances.

■ The third proposition complains of the trial court permitting leading questions to be propounded to the witness, Carra B. Bowie, touching the facts that Lula Bowie was not often left unattended, that she was not able to properly dress herself, or to care for her person.

The cause was tried to the court. He was considering the condition and circumstance of these negroes, and a careful consideration of the record discloses no error in permitting the questions to be propounded in the manner shown.

Furthermore, this testimony was merely cumulative, and if there were error in the ruling, it has not been shown, nor can it be shown from the record, that the evidence adduced by these few questions brought about or controlled the trial court's judgment. It may all be excluded and then there is ample evidence to sustain the judgment.

■ The fourth proposition complains of the trial court permitting the same witness to testify to a conversation had with Lee Falkner, in which Falkner told the witness that he carried and actually displayed a pistol.

We think the testimony admissible under the pleadings, wherein duress and intimidation was set forth; but be that as it may, the cause was tried to the court, and the judgment was rendered on the proof of mental incapacity of Lula Bowie, and not on any allegations of duress or intimidation.

This testimony was evidently not considered by the court in reaching a judgment, and even if the testimony was not admissible, the trial court committed no error in hearing it, and then not considering it of probative importance.

■ The fifth and last proposition asserts that the trial court committed reversible error in finding that Phillips, at the time he took Lula Bowie's deed, had notice and knowledge of her mental incapacity to make such deed, because such finding is contrary to the evidence.

If the trial court believed—as must have been done—the evidence, touching on the question of Lula Bowie's mental status, at the time this deed was purportedly executed, this finding, of which complaint is made, is amply supported by the evidence.

Finding no reversible error, the judgment of the trial court is affirmed.

## On Motion for Rehearing.

In the motion for rehearing, appellant strenuously contends that the exclusion of Lee Falkner, agent of and witness for appellant, from the court room, during the trial of the case, is error, and interprets our opinion to mean that appellant was in the court room, during the trial, when in fact he was not present at the trial.

We do not believe our opinion susceptible to such construction. The very paragraph which is thus erroneously construed does not mention the trial, but refers solely to the transaction out of which the suit grows.

■ But, be that as it may, we now desire to say that we commented as little as possible upon the matter of the exclusion from the court room of the witness Falkner, believing that the trial court, before whom the cause was tried without the intervention of the jury, merely exercised his sound discretion in the matter and disclosed a disposition to see that these ignorant negroes obtained as fair a trial as the court could possibly give; but appellant's insistence in the motion for a rehearing compels us to here make a public record of why the trial court, acting within his sound discretion and impelled by his duty to give these ignorant negroes a fair trial, excluded the witness from the court room.

In qualifying the bill of exceptions, the trial court, in part, states the facts as follows: "Defendant's grown son was present and assisting counsel, and the court had information that the presence of the witness Falkner during the testimony of some of the witnesses for plaintiff would probably be intimidating to some of them, they being negroes and he being a white man who had assisted in taking the deed sought to be canceled and having worked a long time as rider and investigator for Phil-

lips, etc. The court advised counsel that he would give him all necessary time to confer with Falkner from time to time and at any time during the taking of testimony, which was done, and declined to excuse the witness from the rule just as a precaution against the possibility of there being any truth in the matter of whether his presence might intimidate any of the negro witnesses."

This court wishes to publicly record its approval of the care with which Judge Nat W. Brooks tried this case and the precautions he took in endeavoring to give these negroes a fair trial. He is to be commended, not condemned, for his ruling. He has set an example that gives him an enviable place on the Bench and one that commands the respect of Bench and Bar.

Not only does appellant show nothing that smacks of injustice or injury done him in the ruling of the trial court, but the entire record shows that the trial court acted wisely in excluding the witness and that he should have done so.

The motion is overruled.